The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stanback and the briefs and oral arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award in part, remands the matter to the Deputy Commissioner for the taking of additional evidence, and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner and in a pre-trial agreement dated April 26, 2000 as:
 STIPULATIONS
1. The parties are properly before the Industrial Commission, are subject to the provisions of the North Carolina Workers Compensation Act, and the Industrial Commission has jurisdiction over this matter.
2. The parties have been properly designated and there is no question as to misjoinder or non-joinder of parties.
3. Plaintiff alleges to have sustained a compensable injury on May 17, 1999.
4. Plaintiff's average weekly wage is $726.49.
5. Documents stipulated into evidence include the following:
a. Stipulated Exhibit #1 Recorded statement of plaintiff.
b. Stipulated Exhibit #2 Deposition transcript of plaintiff.
 c. Stipulated Exhibit #3 Plaintiff's employment records.
d. Stipulated Exhibit #4 Two photographs of Landspan facility.
 e. Stipulated Exhibit #5 Settlement documents from Industrial Commission File Number 682429.
 f. Stipulated Exhibit #6 Form 21 Agreement from Industrial Commission File Number 682429.
 g. Stipulated Exhibit #7 Statement of benefits paid under Industrial Commission File Number 682429.
The Full Commission takes judicial notice of the orders issued by Deputy Commissioner Stanback concerning the taking of medical depositions in this case.
 ***********
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. Plaintiff is a truck driver who was previously injured on December 5, 1996 in a compensable accident while employed by Watkins Motor Lines, Inc. (hereinafter "Watkins"). That workers' compensation claim was the subject of Industrial Commission File Number 682429. On January 15, 1998 plaintiff signed a compromise settlement agreement in the case. As part of the settlement plaintiff also entered into an agreement entitled "Settlement, Release and Resignation of Employment," which provided in pertinent part:
 "THE UNDERSIGNED, JOHN L. WILLIAMS, acknowledges and agrees he will not apply for re-employment with WATKINS MOTOR LINES, INC., or its parents, affiliates, or subsidiaries, for any reason ever again. The undersigned acknowledges and agrees this promise is important to WATKINS MOTOR LINES, INC., and WATKINS MOTOR LINES, INC., is relying on this promise, and without this promise, WATKINS MOTOR LINES, INC., would not consent to this Agreement and would not make these payments." (Stipulated Exhibit #5, emphasis added.)
2. Within one year after signing the compromise settlement agreement and release, plaintiff applied for a position as a truck driver with defendant-employer Landspan, an affiliate of Watkins. Defendant-employer and Watkins are owned by Watkins Associated Industries. Plaintiff and his wife participated in an orientation program at defendant-employer's Florida location. The facility where the office is located has a large sign at the entrance clearly marked "WATKINS" above and "LANDSPAN" below. Additionally, several pages of the paperwork plaintiff was required to complete during the orientation process were clearly marked "WATKINS ASSOCIATED INDUSTRIES, INC." at the top of the page.
3. Plaintiff testified at the hearing before the Deputy Commissioner that at the orientation program he asked several representatives of defendant-employer if the company was affiliated with Watkins, and plaintiff claims to have been told there was no affiliation. Plaintiff also testified that he told defendant-employer's representatives that he had a lawsuit against Watkins previously and that he could not work for Watkins or any of its companies.
4. The testimony from defendant-employer's witnesses contradicted plaintiff's testimony. Eric Templin, the Director of Safety and Recruiting for defendant-employer, testified that he did not recall plaintiff saying anything about the agreement with Watkins or that plaintiff could not apply for re-employment with Watkins, its parents, affiliates, or subsidiaries. Had Mr. Templin been made aware of the terms of plaintiff's previous settlement agreement, he stated that he would not have hired plaintiff.
5. Cindy Ellis, a driver recruiter at defendant-employer, testified that she did not recall plaintiff saying he had a lawsuit against Watkins in the past or that plaintiff was not supposed to work for Watkins.
6. In a pre-hearing deposition, plaintiff testified that he also mentioned his inability to apply for a job with Watkins to Elizabeth Collins and Daniel Curry. However, both Ms. Collins and Mr. Curry, in their depositions, denied ever being informed of this by plaintiff.
7. The greater weight of the credible evidence establishes that plaintiff continued with the application process and proceeded to accept job assignments from defendant-employer, a Watkins affiliate, despite clear evidence that Watkins and defendant-employer were affiliates and that his employment with defendant-employer was a violation of the release plaintiff signed.
8. In May of 1999, plaintiff was driving tractor-trailers for defendant-employer. At the hearing before the Deputy Commissioner, plaintiff testified that on May 17, 1999, he was driving a tractor-trailer load from Pennsylvania to North Carolina with his wife, who was his team driver. On that date, plaintiff and his wife stopped at a weigh station in Pennsylvania to weigh and adjust the load. Plaintiff alleges that while adjusting the load, he sustained an injury to his right arm and neck.
9. Plaintiff testified that as he was pulling a pin underneath the trailer, he felt a "bee sting." Following the alleged injury, plaintiff testified that the pain went away and he went to bed. On May 17, 1999 plaintiff did not notify defendant-employer of the alleged injury and did not seek medical treatment.
10. Even though plaintiff and his wife returned home to Dunn, North Carolina on May 19, 1999, no report of plaintiff's alleged injury was made to defendant-employer until May 24, 1999, when plaintiff's wife reported the incident to the dispatcher.
11. Plaintiff first sought medical attention on May 24, 1999. Plaintiff was treated by internist Dr. Laksman Rao who referred plaintiff to Dr. Rawal, an orthopedist. Defendant-carrier subsequently referred plaintiff to orthopedist Dr. George Charron. Plaintiff continues to have pain in his right arm and has not worked since May 19, 1999.
12. By Order dated July 18, 2000 Deputy Commissioner Stanback denied plaintiff's motion for an extension of time to take the depositions of the medical experts. Plaintiff's request was based upon plaintiff's recent surgery on June 26, 2000 and personal reasons of plaintiff's attorney. Deputy Commissioner Stanback stated in the Order that she intended to file an interloctory opinion and award "which will include directives concerning any further evidence that may be submitted by the parties."
13. The Deputy Commissioner denied plaintiff's claim for benefits on the ground that the Industrial Commission had no jurisdiction over this matter because plaintiff's employment relationship with the defendant-employer was invalid and void ab initio in that (1) plaintiff did not have the ability to enter into the relationship, based on the terms of his previous settlement agreement, and (2) plaintiff withheld a material fact with respect to that inability, and the defendants relied to their detriment on the omission of that material fact. Because the Opinion and Award denied plaintiff's claim, the Deputy Commissioner issued no subsequent order allowing the submission of medical evidence. Therefore, the record before the Commission contains no medical records or depositions and no medical evidence concerning causation of plaintiff's alleged injuries and disability, if any. In addition, the Deputy Commissioner made no findings of fact concerning the compensability of plaintiff's alleged injury by accident or whether she found plaintiff's account of the alleged injury by accident to be credible.
14. The Commission finds that although Watkins may have a breach of contract cause of action against plaintiff for violation of the terms of the "Settlement, Release and Resignation of Employment," a valid employment relationship existed between plaintiff and defendant-employer. In addition, in the pre-trial agreement both parties stipulated to the jurisdiction of the Industrial Commission over this matter. Defendant-employer hired plaintiff as a full-time employee. Plaintiff drove a tractor-trailer for defendant-employer for approximately five months prior to his alleged injury by accident. Plaintiff's alleged injury by accident occurred within the course and scope of his employment with defendant-employer.
15. The Commission does not have sufficient evidence in the record before it on which to base a decision concerning the compensability of plaintiff's alleged injury by accident and the resulting disability, if any.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Notwithstanding the violation of the release agreement entered into between plaintiff and his former employer Watkins, a valid employer-employee relationship existed between plaintiff and defendant-employer Landspan at the time of the alleged injury by accident on May 17, 1999. Therefore, the Commission has jurisdiction over plaintiff's claim. N.C. Gen. Stat. § 97-2(2).
2. Because the record in this case does not contain sufficient evidence concerning the compensability of plaintiff's alleged injury by accident on May 17, 1999 and any resulting disability, the case must be remanded to Deputy Commissioner Stanback for the taking of additional evidence on these issues and the issuance of a further Opinion and Award.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 ORDER
1. The employment contract between defendant-employer and plaintiff was not rendered void ab initio by plaintiff's violation of the release agreement between plaintiff and Watkins. Therefore, an employer-employee relationship existed between the parties and the Industrial Commission has jurisdiction over the parties.
2. This case is hereby REMANDED to Deputy Commissioner Chrystal Redding Stanback for the taking of additional evidence and the entry of findings of fact concerning plaintiff's credibility and the compensability of plaintiff's alleged injury by accident on May 17, 1999, as well as the taking of medical evidence on the issue of plaintiff's resulting disability, if any.
This the ___ day of October, 2001.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN